# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 26-879V**

| | |
|---|---|
| MELISSA SOSA,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner<br><br>Filed: October 19, 2026<br><br>Reissued for Public Availability: November 20, 2026 |

*Melissa Sosa, Raymondville, TX, pro se petitioner.*
*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION**[1]

On June 15, 2026, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012) ("Vaccine Act"),[2] alleging that her August 11, 2025 influenza ("flu") vaccination caused her to suffer a "right shoulder and arm injury consistent with Shoulder Injury Related to Vaccine Administration (SIRVA) or a related musculoskeletal or neurologic condition." (ECF No. 1.)[3] For the reasons set forth below, this case is now **DISMISSED**.

## I. Procedural History

Petitioner filed her petition on June 15, 2026, along with a vaccine administration record (ECF No. 1-2) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). This case was assigned to the undersigned's docket on June 16, 2026. (ECF No. 5.)

On June 22, 2026, the undersigned issued an initial order, directing petitioner to file medical records and a statement of completion by no later than August 24, 2026. (ECF No. 7.) Specifically, petitioner was directed to file: vaccination record(s), records evidencing diagnosis of alleged vaccine related injury, records of any medical treatment

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on October 19, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] "ECF No." refers to the location of each document on the court's electronic docket.

prior to vaccination, records evidencing that the vaccine related injury persisted for at least six months or resulted in death or in patient hospitalization and surgical intervention, and records evidencing the vaccinee's general health and condition, to include records both from before (dating back three years) and after (up to present) the implicated vaccination(s). (*Id.* at 4.) The initial order emphasized that, as a *pro se* party, petitioner is solely responsible for meeting all deadlines and filing obligations in this case and that failure to comply with deadlines may be interpreted as a failure to prosecute, which may result in a decision dismissing the claim. (*Id.* at 3, 5.)

Additionally, on June 27, 2026, the undersigned issued an order denying petitioner's motion to proceed *in forma pauperis*. (ECF No. 9.) In that order, petitioner was provided 30 days to pay the filing fee and warned that, "[i]f petitioner does not pay the required fee within those 30 days, I will issue an order to show cause why this case should not be dismissed." (*Id.* at 2.)

Thereafter, petitioner allowed her deadlines to lapse without completing any filings. On September 9, 2026, I issued an Order to Show Cause, noting that petitioner had allowed her August 24, 2026 deadline to lapse without completing the required filings; that she had failed to comply with the order directing petitioner to pay her filing fee within 30 days; and that she had not otherwise made contact with the Court since filing her petition in June of 2026. (ECF No. 10.) As a result, it was noted that "the Court lacks any indication that petitioner intends to continue her case," and petitioner was warned that, absent any filing in response to the Order to Show Cause, petitioner's case would be dismissed for failure to prosecute. (*Id.* at 3.) Additionally, petitioner was put on notice that, given the fact that only a single vaccination record has been filed thus far, if this case was to be resolved on the current record, the result would be dismissal. (*Id.*)

Petitioner allowed her October 9, 2026 deadline to file a response to the Order to Show Cause to lapse without completing any filings or otherwise contacting the Court. The certified mail tracking information docketed by the Clerk of Court confirms that petitioner received the Order to Show Cause on September 22, 2026.

## II. Petitioner's Burden of Proof

In this Program, there are two methods by which a petitioner can demonstrate that she is entitled to compensation. In some cases, the petitioner may simply demonstrate the occurrence of what has been called a "Table Injury." That is, it may be shown that the vaccine recipient suffered an injury of the type enumerated in the "Vaccine Injury Table," corresponding to the vaccination in question, within an applicable time period following the vaccination also specified in the Table. If so, the Table Injury is presumed to have been caused by the vaccination, and the petitioner is automatically entitled to compensation, unless it is affirmatively shown that the injury was caused by some factor other than the vaccination. § 300aa-13(a)(1)(A); § 300aa-11(c)(1)(C)(i); § 300aa-14(a); § 300aa-13(a)(1)(B).

The SIRVA petitioner alleges is a Table Injury. However, the Table Injury of SIRVA has several requirements that must be met before a shoulder injury can be considered a SIRVA. Specifically, there are four criteria that must be satisfied: (1) there must be no prior history of pain, inflammation, or dysfunction of the vaccination prior to vaccination; (2) the pain must occur within 48 hours of vaccination; (3) there must be pain and reduced range of motion that are limited to the shoulder in which the vaccine was received; and (4) there must be no other condition or abnormality present that would explain the symptoms, which includes but is not limited to clinical evidence of any neuropathy. 42 CFR § 100.3(c)(10).

Alternatively, if no injury falling within the Table can be shown, the petitioner may still demonstrate entitlement to an award of compensation by showing that the vaccine recipient's injury was caused-in-fact by the vaccination in question. § 300aa-13(a)(1)(A); § 300aa-11(c)(1)(C)(ii). To so demonstrate, a petitioner must show that the vaccine was "not only [the] but-for cause of the injury but also a substantial factor in bringing about the injury." *Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1321-22 (Fed. Cir. 2010) (quoting *Shyface v. Sec'y of Health & Human Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999)); *see also Pafford v. Sec'y of Health & Human Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006) (explaining that a petitioner must show the vaccination was the "'but-for' cause of the harm, rather than just an insubstantial contributor in, or one among several possible causes of, the harm"). In particular, a petitioner must show: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury" in order to prove causation-in-fact. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

For both Table and Non-Table claims, Vaccine Program petitioners must establish their claim by a "preponderance of the evidence." § 300aa-13(a). That is, a petitioner must present evidence sufficient to show "that the existence of a fact is more probable than its nonexistence." *Moberly*, 592 F.3d at 1322 n.2. Proof of medical certainty is not required. *Bunting v. Sec'y of Health & Human Servs.*, 931 F.2d 867, 872-73 (Fed. Cir. 1991). A petitioner may not receive a Vaccine Program award based solely on his assertions; rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In particular, Vaccine Rule 2(c)(2)(A) requires petitioner to include with the petition "a certified copy of all available medical records supporting the allegations in the petition." The rule specifies that this includes records pertaining to the vaccination itself, the alleged injury, and post-vaccination treatment. Once a petitioner has established their *prima facie* case, the burden then shifts to respondent to prove, also by preponderant evidence, that the alleged injury was caused by a factor unrelated to vaccination. *Althen*, 418 F.3d at 1278 (citations omitted); § 300aa-13(a)(1)(B).

Cases in the Vaccine Program are assigned to special masters who are responsible for "conducting all proceedings, including taking such evidence as may be appropriate, making the requisite findings of fact and conclusions of law, preparing a

decision, and determining the amount of compensation, if any, to be awarded." Vaccine Rule 3(b)(1). Special masters must ensure each party has had a "full and fair opportunity" to develop the record. Vaccine Rule 3(b)(2). However, special masters are empowered to determine the format for taking evidence based on the circumstances of each case. Vaccine Rule 8(a); Vaccine Rule 8(d). Ultimately, "[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court." Vaccine Rule 21(c)(1); *Byrd v. Sec'y of Health & Human Servs.*, 778 F. App'x 924, 927-28 (Fed. Cir. 2019) (finding a dismissal for failure to prosecute is appropriate where the petitioner is given sufficient time to file necessary evidence and is warned that the failure to provide the required material would result in dismissal). *But see Moczek v. Sec'y of Health & Human Servs*., 776 F. App'x 671, 674 (Fed. Cir. 2019) (cautioning that dismissal for failure to prosecute should be reserved for "exceptional cases").

## III. Analysis

Despite being directed to file medical records to substantiate her claim, petitioner has to date filed only a single record of the vaccination her petition places at issue. She has not filed any of the medical records that would be necessary to determine whether she can preponderantly demonstrate that she suffered an injury consistent with a Table SIRVA or caused-in-fact by her vaccination. And, as discussed more thoroughly in the procedural history above, petitioner has allowed multiple deadlines, including her deadline to pay her filing fee and submit a response to the Order to Show Cause, to lapse without completing any filings. In fact, petitioner has not completed any filings or otherwise made contact with the Court since initially filing her petition in June of 2026.

Significantly, petitioner was advised within the Order to Show Cause that, with appropriate action, she could seek additional time to complete the required actions. (ECF No. 10, p. 4.) Yet, she was specifically warned that:

> I will permit petitioner a final opportunity to pay her filing fee and file medical records as previously ordered. However, this case cannot be permitted to remain pending indefinitely and, currently, the Court lacks any indication that petitioner intends to continue her case. Thus, without action by petitioner in response to this order to show cause, dismissal for failure to prosecute is appropriate given the circumstances of this case.

(*Id*. at 3.)

Thus, with petitioner having failed to respond to the Order to Show Cause, this case is now dismissed for failure to prosecute. Indeed, because petitioner is not in communication with the Court, it is not realistically possible to impose any lesser sanction for her failure to follow the undersigned's orders. However, because this dismissal is occurring essentially at the outset of the case and the dismissal is unrelated to the merits, I conclude that a dismissal without prejudice is appropriate. *See* Vaccine Rule 21(c)(2) (unless otherwise stated, dismissal for failure to prosecute is with

prejudice); *Shapiro v. United States*, No. 18-1780T, 2020 WL 3805918, at *3 (Fed. Cl. June 15, 2020) (finding dismissal without prejudice appropriate leniency for a *pro se* petitioner that failed to prosecute her case); *accord Moczek*, 776 F. App'x at 674 (favoring lesser sanctions under the Vaccine Act for "routine cases" of procedural neglect, especially in the absence of bad faith or prejudice to the government). Accordingly, petitioner may refile if and when she is prepared to diligently prosecute her case.

## IV. Conclusion

This case is now **DISMISSED** without prejudice. Absent a timely motion for review, the Clerk is directed to enter judgment dismissing this case for insufficient proof in accordance with Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master